UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| IRIS LAVERDIERE, | ) |
| Plaintiff | ) ) ) |
| v. | ) 2:17-cv-00343-JDL |
| MICHAEL BALCOM et als. | ) ) ) ) |
| Defendants | ) |

**ANSWER OF DEFENDANTS AMANDA WOOLFORD, JOSEPH FITZPATRICK AND SCOTT LANDRY**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, defendants Amanda Woolford, Joseph Fitzpatrick and Scott Landry answer the Complaint as follows:

1 – 8.  Paragraphs 1 through 8 of the Complaint summarize plaintiff's legal positions and do not assert any allegations of fact, and no response is required.

9.  Defendants neither admit nor deny the allegation in Paragraph 9 of the Complaint for lack of sufficient knowledge and information.

10.  Defendants admit the allegations in paragraph 10 of the Complaint.

11.  Defendants admit that defendant Balcom was a corrections officer employed at MCC.  The remainder of Paragraph 11 states a conclusion of law, and no response is required.

12.  Paragraph 12 of the complaint states a conclusion of law, and no response is required.

13. Paragraph 13 of the complaint states a conclusion of law, and no response is required.

14. Defendants neither admit nor deny the allegation in Paragraph 14 for lack of sufficient knowledge and information.

15. Defendants admit that defendant Fitzpatrick was the Commissioner of the Department of Corrections at all material times.

16. Paragraph 16 of the complaint states a conclusion of law, and no response is required.

17. Paragraph 17 of the complaint states a conclusion of law, and no response is required.

18. Defendants admit that Scott Landry was the Warden of MCC at all material times.

19. Paragraph 19 of the complaint states a conclusion of law, and no response is required.

20. Paragraph 20 of the complaint states a conclusion of law, and no response is required.

21. Defendants admit that defendant Woolford was the Director of Women's Services at all material times.

22. Paragraph 22 of the complaint states a conclusion of law, and no response is required.

23.-26. Defendants neither admit nor deny the allegations in Paragraph 23-26 of the Complaint because the John Doe defendants are not otherwise identified.

27. Defendants admit that defendants Woolford, Landry and Fitzpatrick are residents of Maine.

28. Defendants admit the allegations in Paragraph 28 of the Complaint.

29. Defendants admit the allegations in Paragraph 29 of the Complaint.

30. Defendants admit that Baucom had a certain amount of authority over the plaintiff, including the authority to report disciplinary violations.

31. Defendants deny the allegations in Paragraph 31 of the Complaint.

32. Defendants neither admit nor deny the allegations in Paragraph 32 for lack of sufficient knowledge and information.

33. Defendants neither admit nor deny the allegations in Paragraph 33 for lack of sufficient knowledge and information.

34. Defendants neither admit nor deny the allegations in Paragraph 34 for lack of sufficient knowledge and information.

35. Defendants neither admit nor deny the allegations in Paragraph 35 for lack of sufficient knowledge and information.

36. Defendants neither admit nor deny the allegations in Paragraph 36 for lack of sufficient knowledge and information.

37. Defendants neither admit nor deny the allegations in Paragraph 37 for lack of sufficient knowledge and information.

38. Defendants neither admit nor deny the allegations in Paragraph 38 for lack of sufficient knowledge and information.

39. Defendants neither admit nor deny the allegations in Paragraph 39 for lack of sufficient knowledge and information.

40. Defendants neither admit nor deny the allegations in Paragraph 40 for lack of sufficient knowledge and information.

41. Defendants neither admit nor deny the allegations in Paragraph 41 for lack of sufficient knowledge and information.

42. Defendants neither admit nor deny the allegations in Paragraph 42 for lack of sufficient knowledge and information.

43. Defendants neither admit nor deny the allegations in Paragraph 43 for lack of sufficient knowledge and information.

44. Defendants neither admit nor deny the allegations in Paragraph 44 for lack of sufficient knowledge and information.

45. Defendants admit the allegation in Paragraph 45 of the Complaint.

46. Defendants neither admit nor deny the allegations in Paragraph 46 for lack of sufficient knowledge and information.

47. Defendants neither admit nor deny the allegations in Paragraph 47 for lack of sufficient knowledge and information.

48. Defendants neither admit nor deny the allegations in Paragraph 48 for lack of sufficient knowledge and information.

49. Defendants neither admit nor deny the allegations in Paragraph 49 for lack of sufficient knowledge and information.

50. Defendants deny the allegations in Paragraph 50 of the Complaint.

51. Defendants deny that defendant Woolford received any requests from plaintiff to discuss the alleged actions of Baucom.

52. Defendants deny the allegations in Paragraph 52 of the Complaint.

53. Defendants deny the allegation in Paragraph 53 of the Complaint.

54. Defendants deny the allegations in Paragraph 54 of the Complaint.

55. Defendants deny the allegations in Paragraph 55 of the Complaint.

56. Defendants admit that defendant Landry did not meet with plaintiff at the time alleged in the Complaint.

57. Defendants deny the allegations in Paragraph 57 of the Complaint.

58. Defendants admit that defendant Woolford met with plaintiff after plaintiff requested to meet with Woolford and Sgt. Burns.

59. Defendants admit the defendant Woolford and Sgt. Burns met with plaintiff on October 26, 2015. Defendants deny that defendant Woolford received multiple request to meet with plaintiff.

60. Defendants deny the allegations in Paragraph 60 of the Complaint.

61. Defendants deny the allegations in Paragraph 61 of the Complaint.

62. Defendants neither admit nor deny the allegations in Paragraph 62 for lack of sufficient knowledge and information.

63. Defendants admit that, at her initial meeting with plaintiff on October 26, 2015, defendant Woolford assured that plaintiff that there would be no repercussions if plaintiff were being honest.

64. Defendants admit the allegations in Paragraph 64 of the Complaint.

65. Defendants admit that defendants Landry and Fitzpatrick were made aware of plaintiff's allegations after plaintiff's meeting with defendant Woolford.

66. Defendants admit the allegation in Paragraph 66 of the Complaint.

67. Defendants admit that there have been several instances where corrections officers have become sexually involved with female prisoners at MCC in the last ten years.

68. Defendants admit that defendants had knowledge of the instances that occurred during their tenures in office.

69. Defendants admit that defendants Landry and Fitzpatrick had authority to suspend Balcom during the investigation.

70. Defendants deny the allegation in Paragraph 70 of the Complaint.

71. Defendants neither admit nor deny the allegation in Paragraph 71 for lack of sufficient knowledge and information.

72. Defendants neither admit nor deny the allegations in Paragraph 72 for lack of sufficient knowledge and information.

73. Defendants deny the allegation in Paragraph 73 of the Complaint.

74. Defendants deny the allegation in Paragraph 74 of the Complaint.

75. Defendants deny the allegation in Paragraph 75 of the Complaint.

76. Defendants deny the allegation in Paragraph 76 of the Complaint.

77. Defendants deny the allegation in Paragraph 77 of the Complaint.

78. Defendants deny the allegation in Paragraph 78 of the Complaint.

79. Defendants deny the allegation in Paragraph 79 of the Complaint.

80. Defendants deny the allegation in Paragraph 80 of the Complaint.

81. Defendants deny the allegation in Paragraph 81 of the Complaint.

82. Defendants deny the allegations in Paragraph 82 of the Complaint.

83. Assuming that the allegations in Paragraph 83 relate to the time following plaintiff's meeting with defendant Woolford on October 26, defendants deny them.

84. Defendants deny the allegations in Paragraph 84.

85. Assuming that the allegations in Paragraph 85 relate to the time following plaintiff's meeting with defendant Woolford on October 26, defendants deny them.

86. Defendants neither admit nor deny for lack of sufficient knowledge and information what unidentified defendants knew. Defendants deny that plaintiff was subjected to any acts of retaliation.

87. Defendants admit the allegations in Paragraph 87 of the Complaint.

88. Defendants neither admit nor deny the allegations in Paragraph 88 for lack of sufficient knowledge and information.

89. Defendants deny the allegations in Paragraph 89 of the Complaint.

90. Defendants neither admit nor deny the allegation in Paragraph 90 for lack of sufficient knowledge and information.

91. Defendants admit that standard policy prohibits a prisoner from blocking the window to his or her cell.

92. Defendants deny the allegations in Paragraph 92 of the Complaint.

93. Defendants admit the allegation in Paragraph 93 of the Complaint.

94. Defendants neither admit nor deny the allegations in Paragraph 94 for lack of sufficient knowledge and information.

95. Defendants deny the allegations in Paragraph 95 of the Complaint.

96. Defendants neither admit nor deny the allegations in Paragraph 96 for lack of sufficient knowledge and information.

97. Defendants deny the allegation in Paragraph 97 of the Complaint.

98. Defendants neither admit nor deny the allegations in Paragraph 94 for lack of sufficient knowledge and information.

99. This paragraph asserts a claim for damages, and no answer is required.

100. Defendants repeat their responses to Paragraphs 1- 100 of the Complaint.

101 - 117. The allegations in Paragraphs 101 – 117 are not directed to these defendants, and no answer is required.

118. Defendants repeat their responses to Paragraphs 1 through 117 of the Complaint.

119. Paragraph 119 of the Complaint states a legal conclusion, and no response is required.

120. Defendants admit that there have been several instances where corrections officers have become sexually involved with female prisoners at MCC in the last ten years.

121. Defendants admit that defendants had knowledge of the instances that occurred during their tenures in office.

122. Defendants deny the allegations in Paragraph 122 of the Complaint.

123. Defendants are unable to respond to the allegations in Paragraph 123 as they are imprecise, overbroad and not susceptible to a reasonable response.

124. Defendants deny the allegations in Paragraph 124 of the Complaint.

125. Defendants deny the allegations in Paragraph 125 of the Complaint.

126. Defendants admit that corrections officers at MCC were not equipped with body cameras at the time alleged in the Complaint.

127. Defendants deny the allegations in Paragraph 127 of the Complaint to the extent that they imply that the officers' contact was not subject to supervision and surveillance.

128. Defendants deny the allegations in Paragraph 128 of the Complaint.

129. Defendants deny the allegations in Paragraph 129 of the Complaint.

130. Defendants deny the allegations in Paragraph 130 of the Complaint.

131.   Paragraph 131 of the Complaint states a legal conclusion or argument, and no response is required.

132.   Paragraph 132 of the Complaint states a legal conclusion or argument, and no response is required.

133.   Defendants deny the allegations in Paragraph 133 of the Complaint.

134.   Defendants deny the allegations in Paragraph 134 of the Complaint.

135.   Defendants deny the allegations in Paragraph 135 of the Complaint.

136.   Defendants deny the allegations in Paragraph 136 of the Complaint.

137.   Defendants repeat their responses to Paragraphs 1 through 136 of the Complaint.

138.   Paragraph 138 of the Complaint states a legal conclusion or argument, and no response is required.

139.   Paragraph 139 of the Complaint states a legal conclusion or argument, and no response is required.

140.   Defendants deny the allegations in Paragraph 140 of the Complaint.

141.   Defendants deny the allegations in Paragraph 141 of the Complaint.

142.   Defendants deny the allegations in Paragraph 142 of the Complaint.

143.   Defendants repeat their responses to Paragraphs 1 through 142 of the Complaint.

144.   Defendants deny the allegations in Paragraph 144 of the Complaint.

145.   Defendants neither admit nor deny the allegations in Paragraph 145 of the Complaint for lack of sufficient knowledge and information.

146.   Defendants deny the allegations in Paragraph 146 of the Complaint.

147.   Defendants deny the allegations in Paragraph 147 of the Complaint.

148.   Defendants repeat their responses to Paragraphs 1 through 147 of the Complaint.

149. Defendants deny the allegations in Paragraph 149 of the Complaint.

150. Defendants deny the allegations in Paragraph 150 of the Complaint.

151. Defendants deny the allegations in Paragraph 151 of the Complaint.

152. Defendants deny the allegations in Paragraph 152 of the Complaint.

153. Defendants repeat their responses to paragraphs 1 through 152 of the Complaint.

154. – 158.  As the allegations in these paragraphs are not directed against these defendants, no response is required.

159. Defendants repeat their responses to Paragraphs 1 through 158 of the Complaint.

160. Defendants deny the allegations in Paragraph 160 of the Complaint.

161. Defendants deny the allegations in Paragraph 161 of the Complaint.

162. Defendants deny the allegations in Paragraph 162 of the Complaint.

163. Defendants repeat their responses to paragraphs 1 through 162 of the Complaint.

164. Defendants deny the allegations in Paragraph 164 of the Complaint.

Wherefore, defendants demand that judgment be entered in their favor and that they be awarded costs and attorney fees.

And further answering, defendants state:

## AFFIRMATIVE DEFENSES

1. The complaint fails to state a claim upon which relief can be granted as to these defendants.

2. To the extent the Complaint sets forth federal constitutional claims, these defendants are entitled to qualified immunity.

3. To the extent that the Complaint sets forth claims arising under state law, these defendants are entitled to absolute or discretionary immunity.

4. To the extent that the Complaint seeks damages against the defendants in their official capacities, it is barred by constitutional immunity.

5. To the extent that the Complaint sets forth claims arising under state law, the plaintiff herself was at fault to a degree that her recovery must be barred or reduced.

6. Plaintiff's claim for punitive damages is barred by the prospective relief provisions of the Prison Litigation Reform Act.

7. Any claims arising under state law are barred by plaintiff's failure to comply with the requirements of the Maine Tort Claims Act.


November 27, 2017                                    __/s/  James E. Fortin___
                                                     James E. Fortin
                                                     Assistant Attorney General
                                                     James.Fortin@maine.gov

Office of the Attorney General
Six State House Station
Augusta, ME 04333
626-8800

## Certificate of Service

The undersigned hereby certifies that he electronically filed the above document with the Clerk of Court using the CM/ECF system, which will serve a copy on all counsel of record.


November 27, 2017                                    /s/ James E. Fortin
                                                     James E. Fortin
                                                     Assistant Attorney General